UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| PATRICIA GILMORE, individually and on Behalf of the Estate of DEANDRE GILMORE, and RAVEN GROW, on behalf of her minor daughter, A-NILA GROW | CIVIL ACTION NO: |
| VERSUS | JUDGE: |
| MONCOM, LLC, ALLIED INSURANCE COMPANY OF AMERICA AND LARONE J. WILLIAMS | MAGISTRATE JUDGE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**TO:** The Honorable Judges of the
United States District Court for the
Middle District of Louisiana

NOW INTO COURT, through undersigned counsel, comes Defendant, MONCOM, LLC ("Defendant"), who hereby files this Notice of Removal for the above captioned civil action pursuant to 28 U.S.C.A. §1441 and 28 U.S.C.A. §1446, and hereby removes this matter to the United States District Court for the Middle District of Louisiana, based on diversity jurisdiction, and asserts as follows:

I.

This action was brought in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana on March 7, 2022. The Civil Action number is 822-51C-716536 and is titled, *Patricia Gilmore, et al v. Moncom, LLC et al.*

1

II.

This is a civil action brought by Plaintiff, Patricia Gilmore, a person of the full age of majority, individually and on behalf of the Estate of Deandre Gilmore, and Raven Grow, a person of the full age of majority, on behalf of her minor daughter, A-Nila Grow, all of whom are domiciled in the State of Alabama (collectively, "Plaintiffs"), who, according to the Petition, sustained injuries arising from an automobile accident involving their deceased son/father, Deandre Gilmore, which occurred on September 19, 2021 in East Baton Rouge Parish, State of Louisiana.  A copy of the "Petition for Damages" is attached hereto as part of Exhibit A, *in globo*, as it represents the entirety of the state pleadings in Defendant's possession.

III.

This action involves a controversy which is between citizens of different states.  According to the Petition, all Plaintiffs are citizens of Alabama.  Defendant Moncom, LLC is a foreign company, domiciled in New Jersey.  Defendant Allied Insurance Company of America is a foreign insurer domiciled in Ohio.  According to the Petition, Defendant Larone J. Williams is a person of the full age of majority who is domiciled in Orleans Parish, State of Louisiana.

IV.

The Petition was filed on behalf of Plaintiffs on March 7, 2022.  Service to Moncom, LLC, however, was not effectuated until March 22, 2022; thus, this removal is timely.  Defendant Allied Insurance Company of America was served on March 17, 2022, and have consented to this removal. The Clerk of Court's office for the 19th Judicial District Court did not possess an affidavit of service for Defendant Larone J. Williams.  Defendant lacks any evidence he was served.  As such, his consent to this removal is not required.

V.

This action is one over which the district courts of the United States are given original jurisdiction under 28 U.S.C.A § 1332. A party may remove any action from state court to federal court if the action is one over which the district courts of the United State have original jurisdiction. 28 U.S.C.A §1441. The removing party bears the burden of proving that removal is proper and that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). In this case, removal was warranted based upon this Court's original jurisdiction as supplied by 28 U.S.C.A § 1332. 28 U.S.C.A § 1332 supplied federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

Based upon Plaintiffs' Petition, the diversity of the parties to this suit does not appear to be contested. The Plaintiffs are citizens of Alabama, Allied Insurance Company of America and Moncom, LLC are citizens of states other than Louisiana, and Larone Williams is a citizen of Louisiana who has not been properly joined <u>and</u> served. There is complete diversity of citizenship between Plaintiff and the Defendants who have been joined and properly served. As such, this suit is subject to removal pursuant to 28 U.S.C.A § 1332 and 1441. Accordingly, this Court needs only to determine whether the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

VI.

In order to determine what amount is "in controversy," courts ordinarily refer to the state court petition. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Louisiana law mandates that plaintiffs may not petition for a specific monetary amount. La. Code Civ. Proc. Art. 893 (A)(1). However, Article 893 of the Louisiana Code of Civil Procedure does

3

require "that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, <u>the lack of jurisdiction of federal courts due to insufficiency of damages</u>, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount <u>is required</u>" (emphasis added). Defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Defendant, however, is not required to prove to a legal certainty or conclusively that plaintiff will recover more than the jurisdictional amount. Instead, defendant need only prove that plaintiff, more likely than not, could recover more than the jurisdictional amount.

Case law has provided guidance as to what types of proof may be offered in order for a removing party to meet the preponderance standard. For example, a court can determine that removal was proper if it is "facially apparent" that the claims are likely above the required jurisdictional amount. *DeAguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir. 1993). This test is performed by referencing the petition and making a determination of whether the claims meet or exceed the jurisdictional amount. In the alternative, the defendant can set forth the facts in controversy, preferably in the removal petition, but sometimes by affidavit or stipulation, that support a finding of the requisite amount. *Jeffcoats v. Rite-Aid Pharmacy*, 2001 WL 1561803 (E.D. La. Dec. 6, 2001) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)).

Once the defendant has met its burden of proving that the claim, more likely than not, exceeds $75,000.00, the plaintiff can only defeat removal by proving "to a legal certainty" that the claim will not exceed $75,000.00. *DeAguilar*, 47 F.3d at 1411. In *DeAguilar,* the Court held that a plaintiff can establish to a "legal certainty" that his claim does not meet or exceed the requisite jurisdictional amount by citing an applicable state law that prohibits recovery over the

4

jurisdictional amount. *Id.* If the plaintiff cannot cite such a statute, then "[l]itigants who want to prevent removal *must* file a binding stipulation or affidavit with their complaint" that shows their commitment to recovery below the federal threshold. *Id.* In this case, plaintiff has failed to execute or file any such Stipulation.

VII.

Here, Plaintiffs assert a wrongful death and survival action related to the death of their son/father, Deandre Gilmore, who died in an automobile accident on September 19, 2021. Plaintiffs claim entitlement to survival damages, wrongful death damages, past and future loss of consortium, past and future loss of enjoyment of life, past and future mental anguish, medical and hospital expenses, funeral expenses and other damages to be shown at trial.

Based on the foregoing, while Defendant has no way of knowing the exact monetary value of these damages that are claimed, it appears, more likely than not, that the amount "in controversy" is greater than $75,000.00.

VIII.

The above-captioned civil action is therefore removable to this United States District Court pursuant to 28 U.S.C.A §1441 (a) and 28 U.S.C.A §1446.

IX.

A copy of all process, pleadings, and orders served upon Defendant is attached hereto as Exhibit A.

X.

This action is removable under and by virtue of the acts of Congress of the United States and the defendant desires to remove it to this Court.

Accordingly, Defendant, Moncom, LLC, asks that the above-captioned action be removed to this Court, the United States District Court for the Eastern District of Louisiana, in accordance with the provisions of 28 U.S.C.A §1441, *et seq.*

        Respectfully Submitted,

        **LAW OFFICE OF KIMBERLY G. ANDERSON**

        /s/ *Sarah M. Barro*
        KIMBERLY G. ANDERSON (#24279)
        SARAH M. BARRO (#31893)
        3850 N. Causeway Boulevard, Suite 1230
        Metairie, LA 70002
        Telephone: (504) 837-9107
        Facsimile: (855) 810-2532
        Email:    anderk9@nationwide.com
                    barros4@nationwide.com
        Counsel for Defendant, Moncom, LLC

**CERTIFICATE OF SERVICE**

I certify that a copy of the above and foregoing pleading has been served upon all counsel of record via CM/ECF on this 21st day of April, 2022.

        /s/ *Sarah M. Barro*
        Sarah M. Barro