## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

PATRICIA GILMORE,                                 CIVIL ACTION
INDIVIDUALLY AND ON BEHALF
OF ESTATE OF DEANDRE
GILMORE, ET AL.

VERSUS

MONCOM, LLC, ET AL.                          NO. 22-00262-BAJ-EWD

### RULING AND ORDER

This wrongful death and survival action seeks damages related to the death of

Decedent, Deandre Gilmore, on September 21, 2021.

## I.   RELEVANT BACKGROUND

Plaintiffs allege that Decedent was riding as a guest passenger in a work

vehicle owned by Defendant Moncom, LLC, operated by Defendant Larone Williams,

and insured by Defendant Allied Insurance Company of America ("Allied"), when the

vehicle struck the Interstate 12 boundary wall near Baton Rouge, Louisiana, rolled

over, ejected Decedent, and caused fatal injuries. (Doc. 1-3 at ¶¶ 4-6). Decedent was

unmarried at the time of his death, and Plaintiffs currently consist of his mother,

Patricia Gilmore, and his minor daughter, A-Nila Grow, who is represented in these

proceedings by Raven Grow, A-Nila's mother and Decedent's long-term domestic

partner.

## II.   PROCEDURAL HISTORY

On March 17, 2022, Plaintiffs initiated this action in the Nineteenth Judicial

District Court for the Parish of East Baton Rouge. (Doc. 1-3). On April 21, 2022,

Defendants removed Plaintiff's action to this Court, invoking diversity jurisdiction. (Doc. 1).

Now before the Court are multiple motions, which, in sum, seek to sort out the proper Plaintiff(s) to the dispute. Moncom and Allied have each filed motions to dismiss, arguing that, under Louisiana law, Decedent's mother (Mrs. Gilmore) and daughter (A-Nila) cannot *both* pursue a survival action on his behalf. (Doc. 9-1 at p. 3, Doc. 10-1 at pp. 4-7). Further, Defendants each contend that even if Decedent's daughter (A-Nila) is the proper Plaintiff, the action is not yet properly joined because Plaintiffs have failed to add A-Nila's younger sister, De'Andrea Gilmore (born in April 2022, after Plaintiffs filed suit). (Doc. 9-1 at pp. 4-5 , Doc. 10-1 at pp. 10-12). Finally, Allied takes the step of questioning Decedent's paternity of A-Nila, notwithstanding Plaintiffs' allegations that Decedent is A-Nila's father. (Doc. 10-1 at pp. 7-10).

Plaintiffs oppose Defendants' motions to dismiss. (Doc. 12). Additionally, Plaintiffs have filed two motions of their own, aimed to cut through the procedural hurdles raised by Defendants. Plaintiffs' first motion seeks to prove Decedent's paternity of A-Nila Grow *and* De'Andrea Gilmore. (Doc. 11). The second seeks leave to submit an amended petition, which would remove Decedent's mother (Mrs. Gilmore) as a plaintiff, and add  De'Andrea Gilmore. (Doc. 13). Collectively, Plaintiffs motions, if granted, would moot the arguments raised in Defendants' motions to dismiss. Notably, Defendants do *not* oppose *either* of Plaintiffs' motions.

## III.    LAW AND ANALYSIS

The Court addresses only Plaintiffs' unopposed motions, as they are ultimately dispositive of the arguments raised in Defendants' motions to dismiss.

De'Andrea Gilmore. Thus, Plaintiffs seek to prove Decedent's paternity of A-Nila and De'Andrea through "informal acknowledgment," which, here, requires clear and convincing evidence "of filiation [that is] continuous, habitual, unequivocal, and leave[s] little doubt that the alleged father considered himself to be the father of the child." *Jordan*, 568 So. 2d at 1098; *see also Jenkins v. Mangano Corp.*, 2000-0790 (La. 11/28/00), 774 So. 2d 101, 105.

Here, Plaintiffs' evidence easily passes the bar. In support of their Motion, Plaintiffs submit the declarations of A-Nila's and De'Andrea's mother (Raven Grow) (Doc. 12-1), grandmother (current-Plaintiff Patricia Gilmore) (Doc. 12-3), two aunts (Emily Gilmore and Lela Gilmore) (Doc. 12-4, Doc. 12-5), and family advocate/teacher at Gulf Regional Early Childhood Services (Wanda Johnson) (Doc. 12-6); the deposition testimony of Mrs. Gilmore (Doc. 12-2); and dozens of family photos of Decedent, Raven Grow, and A-Nila Grow depicting an active and loving family (Doc. 12-1 at pp. 5-58). This undisputed evidence convincingly shows that beginning in 2015 (one year before A-Nila's birth) and at all times until his death, Decedent and Raven Grow maintained an exclusive, monogamous relationship, living together, parenting together, supporting each other financially, and proudly celebrating their daughter, A-Nila. And, despite Decedent having died before her birth, this evidence further establishes that Decedent is De'Andrea's father, insofar as Raven Grow states that she has "not been romantically involved with or had sexual relations with anyone other than Deandre Gilmore since we started dating in 2015," and De'Andrea shares Decedent's last name. (Doc. 12-1 at ¶ 17).

Accordingly, absent any objection from Defendants, Plaintiff's Motion For Order Declaring A-Nila Grow And De'Andrea Gilmore To Be The Biological Children Of Deandre Gilmore Pursuant To La. C. C. Art. 197 (Doc. 11) is granted, and A-Nila Grow and De'Andrea Gilmore each are declared the biological children of Decedent Deandre Gilmore, allowing them to properly pursue a wrongful death and survival action on his behalf. La. C.C. art. 2315.1(A)(1); La. C.C. art. 2315.2(A)(1); *accord Turner v. Busby*, 2003-3444 (La. 9/9/04), 883 So. 2d 412, 417.

### B. Plaintiffs' Unopposed Motion For Leave To File Supplemental And Amending Petition For Damages (Doc. 13)

Louisiana law is clear that "[w]hen a tort victim is survived by a child, the parents of the tort victim have no right to recover for the damages sustained by the victim or for their own damages for the victim's wrongful death." *Jenkins*, 774 So. 2d at 105. Further, under Louisiana law, a decedent's child generally cannot pursue a wrongful death action on behalf of her deceased parent absent joinder of her sibling(s). *See Raines v. Smith*, No. 18-cv-1075, 2018 WL 5904506, at *2–3 (W.D. La. Nov. 9, 2018) (Hicks, C.J.) (citing authorities).

As noted in Defendants' motions to dismiss, Plaintiffs' current petition violates each of these rules: first, by including Mrs. Gilmore (Decedent's mother) as a plaintiff; second, by failing to include De'Andrea Gilmore as a plaintiff. Plaintiffs' proposed amended petition seeks merely to cure these deficiencies, by removing Mrs. Gilmore as a party to this case, and adding De'Andrea. (Doc. 13 at ¶ V). Absent any objection from Defendants, the Court finds that the interests of justice favor allowing Plaintiffs to amend. *See* Fed. R. Civ. P. 15(a)(2). Accordingly, Plaintiff's Motion For Leave To

File Supplemental And Amending Petition For Damages (Doc. 13) is also granted.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion For Order Declaring A-Nila Grow And De'Andrea Gilmore To Be The Biological Children Of Deandre Gilmore Pursuant To La. C.C. Art. 197 (Doc. 11)** be and is hereby **GRANTED**, and that A-Nila Grow and De'Andrea Gilmore be and are each hereby **DECLARED** to be the biological children of Decedent Deandre Gilmore.

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion For Leave To File Supplemental And Amending Petition For Damages (Doc. 13)** be and is hereby **GRANTED**. Plaintiffs' proposed First Supplemental And Amending Petition For Damages (Doc. 13-1) shall be entered as a separate docket entry, and made the operative complaint.

**IT IS FURTHER ORDERED** that, consistent with the relief set forth herein, Moncom's **Motion To Dismiss (Doc. 9)** and Allied's **Motion To Dismiss Pursuant To Rule 12(b)(6), Or Alternatively, Partial Motion To Dismiss Pursuant To Rule 12(b)(6) And, In The Further Alternative, Motion For Joinder For Failure To Join A Party Under Rule 19 (Doc. 10)** be and are hereby **TERMINATED AS MOOT**.

Baton Rouge, Louisiana, this 27th day of January, 2023

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

6