UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RAVEN GROW, ON BEHALF OF
HER MINOR DAUGHTERS,
A'NILA GROW AND DE'ANDREA
GILMORE

CIVIL ACTION NO.

22-262-BAJ-EWD

VERSUS

MONCOM, LLC, ET AL.

## NOTICE AND ORDER

Defendant Moncom, LLC ("Moncom") removed this case to this Court on April 21, 2022,[1] alleging federal subject matter jurisdiction under 28 U.S.C. 1332. The Notice of Removal adequately alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs, as Plaintiffs seek wrongful death and survival damages due to the death of Deandre Gilmore.[2] Plaintiffs Raven Grow and her minor daughters, A-Nila Grow and De'Andrea Gilmore, are alleged to be Alabama citizens,[3] and Defendant Larone Williams ("Williams") was originally alleged to be a Louisiana citizen.[4] The Amended Notice of Removal alleges that Moncom has two identified individual members domiciled in New Jersey and Missouri, and that Allied Insurance Company of America was incorporated and has its principal place of business in Ohio.[5] Therefore, the parties

---

[1] R. Doc. 1.
[2] R. Doc. 1, ¶¶ 6, 12 and R. Doc. 23, ¶¶ 6, 11-13.
[3] R. Doc. 1, introductory paragraph and R. Doc. 23, introductory paragraph. The original Petition named as plaintiffs Patricia Gilmore, the mother of the decedent, as well as his partner Raven Grow and decedent's minor daughter A'Nila Grow. R. Doc. 1. Thereafter, the Court granted Plaintiffs' Motion for an Order Declaring A'Nila and De'Andrea Gilmore (born after the suit was filed), to be decedent's daughters, and Plaintiffs were permitted to file their First Amended Complaint to assert their wrongful death and survival claims by Raven Grow on behalf of the two minor daughters. Decedent's mother was removed as a plaintiff. R. Docs. 22 and 23. **The parties shall be ordered to file all subsequent pleadings with a case caption that reflects the current parties to the case in compliance with Fed. R. Civ. P. 10(a).**
[4] R. Doc. 1, ¶ III.
[5] R. Doc. 7, ¶¶ III(b) and III(c). Moncom was ordered to file an Amended Notice of Removal to correct its deficiencies in the pleading of the citizenship of the corporate defendants. R. Docs. 3, 7.

appeared to be diverse. However, Plaintiffs' response to the Court's order to show cause indicates that the parties may not be completely diverse.

Several pieces of evidence now in the record indicate that Williams may be a citizen of Alabama, the same state of domicile as the Plaintiffs. While the case was in state court, Plaintiffs claim to have unsuccessfully "attempted long arm service" at Williams' "home address," which was identified on the "Crash Report," as 1366 Driftwood Drive North, Mobile Alabama, 36605.[6] After removal, Plaintiffs obtained a summons that lists two Alabama addresses for Williams, the one above, as well as 1480 S. Ann Apt. B, Mobile, Alabama, 36605, which Plaintiffs obtained from process server Bombet, Cashio, & Associates, Inc.[7] According to Bombet, Williams appeared to be living with his mother at the Driftwood address, or Williams' mother had lived there but then moved to the S. Ann address.[8] Bombet was unable to serve Williams at either address; however, Bombet's affidavit of non-service indicates that a Bombet server spoke to Williams' son at the Driftwood address.[9] Furthermore, Plaintiffs contend that Defendants produced a copy of Williams' Alabama driver's license in response to discovery requests.[10] The discovery responses also reflect that Williams' cell phone number has a Mobile-based area code.[11] Plaintiffs' counsel ran a Westlaw "PeopleMap" search to attempt to obtain service information for Williams, and it reflects that the Driftwood address was associated with Williams in July 2021; that Williams' social security number was issued in Alabama in 2002-2003; and that a different telephone number with an area code in Alabama was reported for Williams, all of which information is alleged to be

---

[6] R. Doc. 28, p. 2, R. Doc. 28-1, p. 5. The "Crash Report" is not in the record. There is no affidavit of service in the record, nor is there a United States Postal Service certified mail return receipt.
[7] R. Doc. 28, p. 2 and R. Doc. 15.
[8] R. Doc. 28-1, p. 3.
[9] R. Doc. 28, p. 2, R. Doc. 28-2. Plaintiffs contend that Williams is avoiding service. R. Doc. 28, pp. 4-5.
[10] R. Doc. 28, p. 3, and see the responses at R. Doc. 28-3. The license is not in the record.
[11] R. Doc. 28-3, p. 7, response to Interrogatory No. 12, identifying phone number with 251 area code.

current through December 31, 2022.[12] The papers filed in this case also indicate that the decedent and Williams were staying at a hotel in Baton Rouge while working for Moncom performing Hurricane Ida recovery work, which suggests that Williams was only present in Louisiana as a result of his hurricane recovery work for Moncom, and may not have been domiciled in this state.[13]

If Williams and Plaintiffs are citizens of Alabama, the Court lacks diversity jurisdiction over this matter. Removing Defendant Moncom bears the burden of establishing this Court's jurisdiction and the propriety of removal,[14] and this Court has an independent obligation to ensure its own subject matter jurisdiction, which may be raised *sua sponte*.[15] By no later than March 23, 2023, Moncom must file a memorandum addressing the citizenship of Defendant Larone Williams, attaching evidence in support of its citizenship allegations. Alternatively, Moncom may move to withdraw the Notice of Removal, if it cannot establish diversity jurisdiction.

The case will be allowed to proceed if subject matter jurisdiction is adequately established, and the Court will address Plaintiffs' requests regarding their issues serving Williams at that time.[16]

Accordingly,

**IT IS ORDERED** that, by no later than **March 23, 2023**, Defendant Moncom, LLC, shall file a memorandum addressing the citizenship of Defendant Larone Williams, and shall attach evidence in support of its citizenship allegations. **Alternatively**, by that same date, Moncom shall move to withdraw the Notice of Removal, if Moncom cannot establish that the parties are of diverse citizenship.

---

[12] R. Doc. 28-4.
[13] *See, e.g.,* R. Doc. 16, pp. 4-5 and R. Doc. 28-3, pp. 9-11.
[14] *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).
[15] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).
[16] R. Doc. 28.

**IT IS FURTHER ORDERED** that the show cause hearing set for **March 13, 2023** is **CANCELED** pending resolution of the jurisdictional issues. If jurisdiction is adequately established, the Court will address Plaintiffs' requests regarding their issues serving Williams.

**IT IS FURTHER ORDERED** that all subsequent filings by the parties shall contain a case caption that reflects the current parties in compliance with Fed. R. Civ. P. 10(a).

Signed in Baton Rouge, Louisiana, on March 9, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**